104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Charles WIGGINS, Plaintiff-Appellant-Cross-Appellee,
v.
Lowell P. WEICKER, Jr., Governor of the State of
Connecticut, Rose Almasentore, Commissioner of Connecticut
Department of Children & Families, and June Roy, Regional
Administrator, Region IV, Defendants-Appellees-Cross-Appellants.
 Nos. 94-9216(L), 94-9264.
 United States Court of Appeals, Second Circuit.
 Oct. 28, 1996.
 
 John Shaffer, Levy & Droney, Farmington, Ct.
 Carolyn Querigero, Ass't Att'y Gen, Hartford, Ct.
 Present: KEARSE, LEVAL, NORRIS*, Circuit Judges.
 
 
 1
 Plaintiff Charles Wiggins appeals from an order entered in the United States District Court for the District of Connecticut, Alfred V. Covello, Judge, dismissing his first amended complaint under 42 U.S.C. §§ 1981 and 1983 charging, inter alia, that defendants instituted a promotion policy that discriminated against him because of his race and retaliated against him for complaining of that policy. For the reasons below, we affirm the dismissal but direct that the judgment be modified to provide that the dismissal is without prejudice to Wiggins's filing a second amended complaint.
 
 
 2
 At oral argument of this appeal, Wiggins stated that he did not wish to challenge the district court's dismissal of his first amended complaint. Accordingly, although we have doubts whether the court should have dismissed so much of that complaint as asserted a retaliation claim against defendant June Roy in her individual capacity, we affirm the dismissal of the first amended complaint. However, even in dismissing a complaint that states no claim on which relief can be granted, the court should normally give the plaintiff at least one opportunity to amend the complaint. See generally Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"); Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend should be freely given). In the present case, the pleading at issue was denominated a first amended complaint, but the prior amendment had consisted merely of a change in format and the addition of a phrase to indicate that the defendants were being sued in their individual capacities as well as, as the original complaint indicated, in their official capacities. Leave to file a second amended complaint should have been given.
 
 
 3
 We note that after judgment was entered in the district court, Wiggins moved for leave to file a second amended complaint and then filed a notice of appeal before the motion to amend was addressed by the court; the district court ruled that it had no jurisdiction to decide the motion to amend the complaint because the notice of appeal had been filed. Plaintiff's postjudgment motion to amend the first amended complaint should have been treated as a motion pursuant to Fed.R.Civ.P. 59(e) to amend the judgment to include a provision that the dismissal was without prejudice to the filing of a new amended complaint; when the motion is viewed in that light, it tolled the time to appeal, and the filing of the notice of appeal did not deprive the district court of jurisdiction to decide the motion, see generally Fed. R.App. P. 4(a)(4).
 
 
 4
 In sum, although we affirm the dismissal of the first amended complaint because Wiggins does not challenge that dismissal, we direct that the judgment be modified to state that the dismissal is without prejudice to the filing of the second amended complaint. We have considered all of defendants' arguments against granting Wiggins permission to file a second amended complaint and have found them unpersuasive.
 
 
 5
 The judgment of the district court is modified in accordance with the foregoing and, as modified, is affirmed.
 
 
 6
 No costs.
 
 
 
 *
 Honorable William A. Norris, of the United States Court of Appeals for the Ninth Circuit, sitting by designation